IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3017 |
| | ) | |
| v. | ) | |
| | ) | |
| DARCY OLIVER, caseworker Nebraska penitentiary, each defendant is sued individually and in his or her official capacity at all times mentioned in this complaint each defendant acted under the color of state law, and DOUG DILTZ, Captain, Nebraska penitentiary, each defendant is sued individually and in his or her official capacity at all times mentioned in this complaint each defendant acted under the color of state law, | ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| Defendants. | ) ) | |

      On January 30, 2006, the plaintiff, Jack Harris, filed a complaint against Defendants Darcy Oliver and Doug Diltz individually and in their official capacities as employees of the Nebraska State Penitentiary (NSP). (See generally Compl., filing 1, at 1-2.) Now before me is the plaintiff's motion for summary judgment. (See filing 28.) For the following reasons, the plaintiff's motion will be denied.

      A party is entitled to summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(c). A "material" fact is one that "might affect the outcome of the suit under the governing law," and a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party–in this instance, Defendant Oliver.

1

Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).  If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, then the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment," Anderson, 477 U.S. at 257, and "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial," id. at 256 (citing Fed. R. Civ. P. 56(e)).

     I have studied the plaintiff's summary judgment motion and its supporting documents, and I am not persuaded that there is no genuine issue of material fact or that the plaintiff is entitled to judgment as a matter of law.  The plaintiff's claim against Oliver hinges upon allegations that she pressured him into performing sexual acts with her and paid him to be silent.  (See, e.g., Compl., filing 1, at "page 5-8 of 44.")  Although there seems to be no dispute that the plaintiff and Oliver had some type of sexual encounter and that Oliver sent money to the plaintiff, the details surrounding these facts are in dispute.  I note, for example, that Oliver has submitted an affidavit in which she claims that the plaintiff threatened her on a number of occasions and attempted to force her to perform oral sex upon him; that she successfully resisted the plaintiff's attempt to obtain oral sex; that she sent the plaintiff money in response to his threats against her family; and that she chose not to contest the criminal charges that were filed against her (and which evidently relate to her contact with the plaintiff) upon the advice of her attorney.  (See Def.'s Index, filing 32, Ex. 101, Oliver Aff.)  The evidence in the record must be taken in the light favorable to Oliver, and I cannot say that no reasonable jury could credit Oliver's version of the facts or return a verdict in her favor.

     **IT IS ORDERED** that the plaintiff's motion for summary judgment, filing 28, is denied.

**IT IS FURTHER ORDERED** that Defendant Oliver's motion to strike exhibits submitted by the plaintiff in support of his motion for summary judgment, filing 33, is denied as moot.

Dated March 21, 2007.

                        BY THE COURT

                        s/ Warren K. Urbom
                        United States Senior District Judge