IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3017 |
| | ) | |
| v. | ) | |
| | ) | |
| DARCY OLIVER, caseworker Nebraska penitentiary, each defendant is sued individually and in his or her official capacity at all times mentioned in this complaint each defendant acted under the color of state law, and DOUG DILTZ, Captain, Nebraska penitentiary, each defendant is sued individually and in his or her official capacity at all times mentioned in this complaint each defendant acted under the color of state law, | ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER ON DEFENDANT DARCY OLIVER'S MOTION TO DISMISS |
| Defendants. | ) ) | |

Defendant Darcy Oliver has filed a motion to dismiss the plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). (See filing 16.) For the following reasons, I shall deny Oliver's motion.

I.   BACKGROUND

On January 30, 2006, the plaintiff, Jack Harris, filed a complaint against Defendants Darcy Oliver and Doug Diltz individually and in their official capacities. (See generally Compl., filing 1.) The plaintiff, who is proceeding pro se, resides in the custody of the Nebraska Department of Correctional Services. As summarized by the magistrate judge in his order on initial review, the complaint "asserts federal civil rights claims pursuant to 42 U.S.C. § 1983" based on allegations "that a corrections officer sexually assaulted the plaintiff." (Filing 6 at 1.) "When the plaintiff reported the sexual assaults, the other defendant, a corrections officer,

1

retaliated against the plaintiff and subjected him to discriminatory treatment." (Id.)

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) provides that a party may move to dismiss a complaint for lack of personal jurisdiction. It seems to me, however, that Oliver truly means to argue that subject matter jurisdiction is lacking because the plaintiff failed to allege action "under color of state law." (See filing 15 at 1.) A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. See, e.g., Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990).

> A court deciding a motion under Rule12(b)(1) must distinguish between a "facial attack" and a "factual attack." In the first instance, the court restricts itself to the face of the pleadings . . . and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). The general rule is that a complaint shall not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" In a factual attack, the court considers matters outside the pleadings . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards.

Id. (citations omitted). Oliver's motion is restricted to the face of the complaint, and no matters outside the pleadings have been submitted for my consideration. Therefore, I consider Oliver's motion to be a "facial attack" upon the plaintiff's jurisdictional allegations. This means that all of Oliver's arguments will be analyzed as if they were raised pursuant to Rule 12(b)(6).

As indicated above, "a motion to dismiss a complaint [pursuant to Rule 12(b)(6)] should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citation omitted); see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In resolving such motions, all well-pleaded allegations in the complaint must be taken as true, and the complaint and "all reasonable inferences arising therefrom" must be construed in favor of the plaintiff. Morton, 793 F.2d at 187.

### III.  ANALYSIS

Oliver argues first that the complaint must be dismissed because the plaintiff failed to allege that Oliver acted "under color of state law." (Filing 15 at 1.) This is simply not accurate. The complaint alleges on its first page that "at all times mentioned in this complaint each defendant acted under the color of state law." (Compl., filing 1, at 1.) In addition, the complaint's more specific allegations indicate that Oliver acted under color of state law when she wronged the plaintiff. (See generally id.) See also West v. Atkins, 487 U.S. 42, 50 (1988) ("It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State.").

Oliver also argues that because "the plaintiff failed to allege that the disciplinary action was reversed on appeal," his complaint–or at least his retaliation claim–must be dismissed. (Filing 15 at 1 (citing Heck v. Humphrey, 512 U.S. 477 (1994)). Again, Oliver's argument appears to be factually inaccurate: the complaint does allege that the disciplinary action was reversed on appeal. (See Compl., filing 1, at "page 9 of 44"; see also id. Ex. 8.) Furthermore, because it is not apparent from the face of the complaint that the plaintiff's claims threaten the validity of his conviction or the duration of his sentence, I doubt that the plaintiff's claims would be susceptible to dismissal under Heck even in the absence of this allegation. See Wilkinson v. Dotson, 544 U.S. 74, 78-82 (2005); see also id. at 81-82 ("These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration"); Muhammad v. Close, 540 U.S. 749, 750-52, 754-55 (2004) (per curium).

Finally, Oliver argues that the complaint must be dismissed because there is no allegation that Oliver had the authority to discipline the plaintiff. (See filing 15 at 2.) It is true that the complaint does not allege that Oliver had the authority to place the plaintiff in solitary confinement. The complaint does allege, however, that the plaintiff was disciplined because Oliver lied about her sexual contact with him. (See, e.g., Compl., filing 1, at "pages 7-9 of 44.") The complaint also alleges that Oliver would "shake the plaintiff down" and have sexual contact

3

with him.  (Id. at "page 8 of 44.")

It may be that the plaintiff intended to bring a retaliation claim solely against Defendant Diltz, as the magistrate judge's order on initial review suggests.  (See filing 6 at 1.)  At this time, however, I am not persuaded that the plaintiff can prove no set of facts that would entitle him to relief against Defendant Oliver on a retaliation theory.

**IT IS ORDERED** that Defendant Darcy Oliver's motion to dismiss, filing 16, is denied.

Dated March 21, 2007.

>                       BY THE COURT
>
>                       s/ Warren K. Urbom
>                       United States Senior District Judge