IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3017 |
| | ) | |
| v. | ) | |
| | ) | |
| DARCY OLIVER, caseworker Nebraska penitentiary, each defendant is sued individually and in his or her official capacity at all times mentioned in this complaint each defendant acted under the color of state law, and DOUG DILTZ, Captain, Nebraska penitentiary, each defendant is sued individually and in his or her official capacity at all times mentioned in this complaint each defendant acted under the color of state law, | ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO COMPEL |
| Defendants. | ) ) | |

Now before me is the plaintiff's motion to compel Defendant Doug Diltz to produce certain documents for inspection and copying. (Filing 20). For the following reasons, the plaintiff's motion will be denied; however, counsel representing the defendants in their official capacities is ordered to enter an appearance and provide the documents requested by the plaintiff, or otherwise respond to his request, forthwith.

## I.   BACKGROUND

The plaintiff resides in the custody of the Nebraska Department of Correctional Services. On January 30, 2006, the plaintiff, acting pro se, filed a complaint against Defendants Darcy Oliver and Doug Diltz individually and in their official capacities. (See generally Compl., filing 1.) The complaint, which is brought pursuant to 42 U.S.C. § 1983, alleges that Oliver sexually assaulted the plaintiff and that the plaintiff experienced retaliation after the assaults came to light.

1

(See id.)

On March 31, 2006, Magistrate Judge F. A. Gossett entered an order on initial review. (See filing 6.) The order provided the plaintiff with instructions for serving the defendants with process, stated that the parties would be bound by the Federal Rules of Civil Procedure and the court's local rules, included copies of certain discovery rules, and advised the plaintiff that he may begin discovery pursuant to these rules "[a]fter a defendant enters an appearance." (Id. at 4.)

The docket sheet indicates that the defendants were served with process individually and in their official capacities. (See filings 8-10.) Thereafter, Doug Diltz appeared "in his official and individual capacity" and answered the plaintiff's complaint. (See filing 11 at 1.) Diltz's answer lists Attorney General Jon Bruning and Assistant Attorney General Stephanie A. Zeeb as "Attorneys for Defendant." (Id. at 2.) In lieu of an answer, Darcy Oliver filed a motion for an extension of time, (see filing 12), followed by a motion to dismiss the complaint, (see filing 16).

After the defendants appeared, the plaintiff filed a request for production of documents pursuant to Federal Rule of Civil Procedure 34. (See filing 14. See also filing 6 at 6 (instructing the plaintiff to make written requests for documents pursuant to Rule 34).) The plaintiff mailed a copy of his request to Assistant Attorney General Stephanie Zeeb on May 11, 2006, but there is no indication that he mailed a copy to the office of the attorney representing Darcy Oliver. (See id. at 2.)

On May 31, 2006, Darcy Oliver, through counsel, filed a response to the plaintiff's request for documents. (See filing 17.)[1] The response merely states, however, that none of the documents requested by the plaintiff are in Oliver's possession. (See id.) On June 1, 2006, Doug Diltz filed a certificate of service stating that his responses to the plaintiff's request for documents were served upon the plaintiff. (See filing 18.) This certificate of service, like Defendant Diltz's answer, was signed by Attorney General Jon Bruning and Assistant Attorney General Stephanie Zeeb. (See id.)

On June 9, the plaintiff filed the instant motion to compel discovery. (See filing 20.) More specifically, he seeks an order compelling Diltz to produce for inspection and copying all

---

[1] Although Oliver was not listed on the certificate of service that accompanied the plaintiff's request for documents, Oliver evidently received notice of the request by some means.

2

reports, phone transcripts, notes, and witness statements pertaining to "the plaintiff and Darcy Oliver investigation." (Id.)  In response to the plaintiff's motion, Assistant Attorney General Zeeb filed an affidavit stating, among other things, that she "represent[s] Doug Diltz in his individual capacity only," and that "[t]he documents Plaintiff requests in his Motion to Compel are not in the possession, custody, or control of Defendant Doug Diltz."  (Filing 22, ¶¶ 1, 5.)

## II.   ANALYSIS

The plaintiff was instructed that the parties are "bound by the Federal Rules of Civil Procedure and the Local Rules of this court."  (See filing 6 at 4.)  Federal Rule of Civil Procedure 37 addresses motions to compel discovery, and Nebraska Civil Rule 7.1(i) addresses "discovery motions."  Each of these rules requires movants to certify that they attempted to resolve their discovery disputes without involving the court.  See Fed. R. Civ. P. 37(a)(2)(B); NECivR 7.1(i).  Nebraska Civil Rule 7.1(i) states specifically that parties acting pro se must comply with this requirement.  Because the plaintiff's motion to compel does not include a certification that he contacted Diltz's counsel to attempt to resolve the discovery dispute, his motion to compel must be denied.  Cf. Holloway v. Lockhart, 813 F.2d 874, 880 n.3 (8th Cir. 1987) ("We have previously stated, and now reiterate, that the discovery devices of the Rules of Civil Procedure are available to pro se prisoners in § 1983 suits on the same terms as other civil litigants.").

I pause to note, however, that Doug Diltz has been sued in his individual and official capacities, and that the plaintiff's request for documents was directed toward "Defendants Doug Diltz and Darcy Oliver" without any indication that the request was limited to the defendants in their individual capacities.  (See filings 1, 14.)  I also note that the plaintiff's request for documents was served upon Assistant Attorney General Zeeb, who, despite her claim to the contrary, has appeared on behalf of Diltz in his individual and official capacities.  (See filing 11).  Ms. Zeeb's assertion that she represents Diltz "in his individual capacity only," (filing 22, ¶ 1), is not well-taken,[2] and it seems to me that if she is no longer representing Diltz in his official

---

[2]I am troubled also by the fact that Assistant Attorney General Zeeb is able to assemble prison records in support of a motion for summary judgment that she filed on behalf of Diltz in his individual capacity, (see filing 23 (indicating that the motion for summary judgment is filed

3

capacity, she must move to withdraw her appearance. See NEGenR 1.3(f). In any event, I consider the plaintiff's document request to have been directed toward Diltz in his individual and official capacities, and the attorney representing the defendants in their official capacities, whoever that might be, is ordered to respond to the plaintiff's request for documents forthwith and file a written entry of appearance.

   **IT IS ORDERED** that:

   1. the plaintiff's motion to compel, filing 20, is denied; and
   2. counsel representing the defendants in their official capacities must file a written entry of appearance and respond to the plaintiff's request for documents within eleven days of the date of this order.

   Dated March 21, 2007.

                              BY THE COURT

                              s/ Warren K. Urbom
                              United States Senior District Judge

---

on behalf of Diltz in his individual capacity only); filing 25, Exs. 1-2 (containing inmate classification documents that were not attached to the plaintiff's complaint)), but asserts she is unable to assemble certain documents requested by the plaintiff because Diltz lacks "possession, custody, or control" of the documents, (filing 22, ¶ 5).