IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3017 |
| | ) | |
| v. | ) | |
| | ) | |
| DARCY OLIVER, caseworker Nebraska penitentiary, each defendant is sued individually and in his or her official capacity at all times mentioned in this complaint each defendant acted under the color of state law, and DOUG DILTZ, Captain, Nebraska penitentiary, each defendant is sued individually and in his or her official capacity at all times mentioned in this complaint each defendant acted under the color of state law, | ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER ON DEFENDANT DARCY OLIVER'S MOTION TO DISMISS |
| Defendants. | ) ) | |

On April 24, 2007, Defendant Darcy Oliver filed a motion to dismiss the plaintiff's "official capacity" claims against her. (See filing 54.) For the following reasons, I find that the defendant's motion must be granted.

The plaintiff's official capacity claims against Darcy Oliver are, "in all respects other than name, to be treated as a suit against the [State of Nebraska]." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (citing Brandon v. Holt, 469 U.S. 464, 471-72 (1985)). "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Id. at 169 (citation and footnote omitted). "This bar remains in effect when State officials are sued for damages in their official capacity." Id. (citations omitted). Thus, unless the plaintiff can establish that the State of Nebraska has waived its sovereign immunity or that Congress has overridden this immunity, his suit is barred to the extent that it names Oliver in her official capacity.

1

It is well-established that the State of Nebraska has not waived its immunity from § 1983 suits in federal court.  See Poor Bear v. Nesbitt, 300 F. Supp. 2d 904, 913-14 (D. Neb. 2004) (citing cases).  It is also well-established that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity."  Graham, 473 U.S. at 169 n.17 (citations omitted).  As a result, the plaintiff's official capacity claims against Oliver brought pursuant to 42 U.S.C. § 1983 are barred by the State's sovereign immunity.

There is an exception to this immunity that applies when plaintiffs seek prospective relief. See Graham, 473 U.S. at 169 n.18 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Ex parte Young, 209 U.S. 123 (1908)); see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).  Here, however, the plaintiff is not seeking injunctive relief against Oliver, but is instead seeking only money damages.  (See Compl., filing 1, at "page 10-11 of 44.")  Therefore, this exception to the sovereign immunity doctrine is not applicable here.  See Puerto Rico Aqueduct & Sewer Auth., 506 U.S. at 146.

In short, the plaintiff cannot collect damages from the State of Nebraska by pursuing official capacity claims against Oliver under § 1983, and for this reason, the defendant's motion to dismiss must be granted.

In response to the defendant's motion, the plaintiff argues that the State has waived its sovereign immunity defense due to its failure to enter a timely appearance in this case. (See filing 56 at 2.)  It is true that sovereign immunity may be waived, see, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984), and it appears to be true that Oliver did not file a timely response to the plaintiff's official capacity claims against her. (See filing 15 at 1 (indicating that Oliver's motion to dismiss was made on behalf of Oliver in her individual capacity only); see also filing 46, ¶ 1 (stating that the Nebraska Attorney General's office never entered an appearance on behalf of Oliver in her official capacity).)  However, Oliver's motion to file a responsive pleading out of time was granted, (see filing 53), and her initial response to the complaint (i.e., the instant motion) raised the sovereign immunity defense, (see filing 54).  Under the circumstances, I am not persuaded that the defendant waived the defense of sovereign immunity.  Cf. Raygor v. Regents of Univ. of Minnesota, 534 U.S. 533, 546-47 (2002).

The plaintiff also argues that, in contravention of Rule 12(b), the defendant filed the

instant motion to dismiss after an answer had already been filed on her behalf. (See filing 56 at 2.) See also Fed. R. Civ. P. 12(b) ("A motion making any of these defenses shall be made before pleading if further pleading is permitted.").

A brief review of the procedural history of this case reveals that the plaintiff's argument is not without merit. On March 21, 2007, I entered an order denying the plaintiff's motion to compel Defendant Doug Diltz to produce documents for inspection and copying. (Filing 42.) Due to confusion surrounding the representation of the defendants in their official capacities, I ordered "counsel representing the defendants in their official capacities [to] file a written entry of appearance and respond to the plaintiff's request for documents within eleven days of the date of this order." (Id. at 4.) On this same date, I also entered orders resolving Defendant Diltz's motion for summary judgment, (see filing 39), the plaintiff's motion for summary judgment, (see filing 40), and Defendant Oliver's motion to dismiss, which seemed to have been brought by Oliver in her individual capacity only, (see filing 41; see also filing 15 at 1). On March 22, 2007, Attorney Vince Powers filed an answer to the complaint on behalf of Defendant Oliver "in an individual and official capacity." (Filing 44 at 1 (emphasis added).) On March 23, 2007, Assistant Attorney General Stephanie Zeeb entered an appearance on behalf of Defendant Diltz in his official and individual capacities and on behalf of Oliver in her official capacity only. (Filing 45 at 2.) The Assistant Attorney General also moved to file a responsive pleading out of time on behalf of Oliver in her official capacity, (see filing 46), and, after this motion was granted, (see filing 53), she filed the instant motion to dismiss, (see filing 54).

Thus, it is true that an answer was filed on behalf of Darcy Oliver in her official capacity prior to the filing of the instant motion, and I note that this answer does not raise the defense of sovereign immunity. (See filing 44.) Furthermore, it is true that "[t]echnically . . . a Rule 12(b)(6) motion cannot be filed after an answer has been submitted." Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). See also Fed. R. Civ. P. 12(b). Rule 12(h)(2) provides, however, that "[a] defense of failure to state a claim upon which relief can be granted [(i.e., a Rule 12(b)(6) defense)] . . . may be made . . . by motion for judgment on the pleadings . . . ." In other words, the filing of the answer did not result in the waiver of the defense of failure to state a claim upon which relief can be granted; rather, it requires that I treat the instant motion as if it

3

were brought pursuant to Rule 12(c) instead of Rule 12(b)(6).  See Westcott, 901 F.2d at 1488.  "This distinction is purely formal," because "this 12(c) motion [must be reviewed] under the standard that governs 12(b)(6) motions."  Id.  In short, the fact that an answer has been filed on behalf of Darcy Oliver in her official capacity does not alter my analysis of the instant motion.[1]

Finally, the plaintiff argues that the Nebraska Attorney General "is ethically and legally prohibited from entering an appearance on behalf of Darcy Oliver [and filing the instant motion] while she is still represented by Attorney Powers," and that it is unethical for the Nebraska Attorney General to enter an appearance on behalf of Oliver in her official capacity only.  (Filing 56 at 2-3.)  In support of his arguments, the plaintiff relies upon Johnson v. Board of County Commissioners for the County of Fremont, 85 F.3d 489 (10th Cir. 1996).  Johnson states, "Given the potential conflict between the defenses available to a government official sued in his individual and official capacities, we have admonished that separate representation for the official in his two capacities is a 'wise precaution.'" 85 F.3d at 493 (citation omitted).  The case does not stand for the proposition that the Nebraska Attorney General cannot appear and defend the government entity that is the true subject of the plaintiff's official capacity suit simply because Oliver is represented by another attorney.  Johnson also states, "In the case where an attorney has been hired to represent a government official in only his official capacity in a suit

---

[1] I note parenthetically that there is some uncertainty whether the defense of sovereign immunity raises a jurisdictional issue that ought to be presented in a Rule 12(b)(1) motion as opposed to a motion to dismiss for failure to state a claim upon which relief may be granted.  Compare Harris v. Henneberry, No. 2:06CV00027 ERW, 2007 WL 805458, at 2-5 (E.D. Mo. March 14, 2007) (holding that motion to dismiss based on Eleventh Amendment immunity ought to be treated as a Rule 12(b)(1) motion rather than a Rule 12(b)(6) motion) with Ashby v. Dyer, 427 F. Supp. 2d 929, 932 & n. 3 (D. Neb. 2006) (addressing motion to dismiss based on Eleventh Amendment immunity that was made pursuant to Rule 12(b)(1) and Rule 12(b)(6), and noting that the Supreme Court has not determined "whether Eleventh Amendment immunity is a matter of subject-matter jurisdiction").  In this case, it makes no difference whether the defendant's motion is deemed a Rule 12(b)(6) motion or a Rule 12(b)(1) motion, because the motion does not require me to consider matters outside of the pleadings.  See, e.g., Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990).  In addition, since motions to dismiss for lack of subject matter jurisdiction can be raised at any time, see Fed. R. Civ. P. 12(h)(3), the previously-filed answer would not frustrate the defendant's ability to raise the immunity defense in the instant motion if the instant motion were treated as a Rule 12(b)(1) motion.

where the official is also exposed to liability in his individual capacity <u>but has no representation in that capacity</u>," the attorney may "limit the objectives of her representation only 'if the client consents after consultation.'" <u>Id.</u> at 494. Since Oliver does have representation in her individual capacity, <u>Johnson</u> does not support the plaintiff's argument that the Nebraska Attorney General cannot enter an appearance on behalf of Oliver in her official capacity only.

  **IT IS ORDERED** that the defendant's "Motion to Dismiss Defendant Darcy Oliver in Her Official Capacity," filing 54, is granted.

  Dated May 16, 2007.

          BY THE COURT

          s/ Warren K. Urbom
          United States Senior District Judge