IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JACK HARRIS,                          )
                                      )
                Plaintiff,            )          4:06CV3017
                                      )
        V.                            )
                                      )
DOUG DILTZ, in his individual         )      MEMORANDUM AND ORDER
and official capacity,                )
                                      )
                Defendant.            )
_____       )

        Pending before me is the motion for summary judgment filed
by defendant Doug Diltz ("Diltz") in his official capacity.[1]
Filing No. 104.

        The plaintiff, an inmate at the Nebraska State Penitentiary,
alleges Darcy Oliver, who was at that time a NSP correctional
officer, forced him to engage in sexual activities with her.[2]
The plaintiff claims defendant Diltz, an NSP correctional
officer, violated plaintiff's First Amendment rights by filing
and pursuing a misconduct report to retaliate against the
plaintiff for filing a grievance concerning Oliver's alleged
sexual misconduct.  The plaintiff further claims Diltz' filing of
a misconduct report violated his right to equal protection
because other inmates had sexual relationships with Oliver and
others, but were not subject to discipline.  Filing No. 107
(Order on Final Pretrial Conference), at CM/ECF p. 1-2.

_____

        [1] See filing no. 77, "Consent to Exercise of Jurisdiction by
a United States Magistrate Judge and Order of Reference," and 28
U.S.C. § 636(c).

        [2] Darcy Oliver was a named defendant in this action, but
plaintiff's claims against Oliver were discharged by the
bankruptcy court.  See filing no. 96.

The plaintiff was initially found guilty of threatening a correctional officer for sex and money, and was placed in Disciplinary Segregation for 30 days, followed by Administrative Confinement.  Thereafter, the findings of NSP's Disciplinary Committee were reversed for insufficient evidence, and the plaintiff was returned to the general prison population.  Filing No. 106, exs. 1-3; Filing No. 107 (Order on Final Pretrial Conference), at CM/ECF p. 1-2.

Defendant Diltz, in his official capacity, has moved for summary judgment in his official capacity, and argues he is entitled to summary judgment because any claim for damages is barred by sovereign immunity, and any claim for injunctive relief is moot.

"[T]he Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." Wisconsin Dept. of Corrections v. Schacht  524 U.S. 381, 389 (1998).  Sovereign immunity does not bar damage claims against state officials acting in their personal capacities, nor does it bar § 1983 claims seeking equitable relief from state employee defendants acting in their official capacity.  However, damage claims against individual state employees acting in their official capacities are barred by the Eleventh Amendment.  Murphy v. State of Ark., 127 F.3d 750, 754 (8th Cir. 1997).

Therefore, to the extent that the plaintiff seeks damages from defendant Diltz in his official capacity, that claim must be dismissed as barred by the Eleventh Amendment.

The plaintiff's original complaint requested an order requiring defendant Diltz to release the plaintiff to the general

population.  Filing No. 1, at CM/ECF p. 10.  However, this claim
for injunctive relief was not included in the Final Order of
Pretrial Conference and is therefore deemed abandoned.  Moreover,
the plaintiff was released to the general population, and Oliver
is no longer employed at NSP.  The plaintiff raises no claim, and
he has presented no evidence that he faces "some likelihood of
becoming involved in the same controversy in the future. . . ."
United States Parole Commission v. Geraghty, 445 U.S. 388, 398
(1980).  The plaintiff's claim for injunctive relief is moot.


        IT THEREFORE HEREBY IS ORDERED:

        1.   The motion for summary judgment filed by defendant Doug
             Diltz in his official capacity, filing no. 104, is
             granted.

        2.   The plaintiff's damage claims against defendant Doug
             Diltz in his individual capacity remain pending, and
             trial remains set to commence before the undersigned
             magistrate judge at 9:00 a.m. on October 15, 2008.


        DATED this 2nd day of October, 2008.


                              BY THE COURT:

                              S/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge