```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| JACK HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CV3017 |
| | ) | |
| v. | ) | |
| | ) | |
| DOUG DILTZ, in his individual | ) | MEMORANDUM AND ORDER |
| and official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

    Pending before me is the plaintiff's pro se motion to clarify.  Filing No. 157.  On October 29, 2008, the plaintiff, acting pro se, filed a letter that was interpreted by this court as a notice of appeal.  Filing No. 143.  This apparent notice of appeal was forwarded to the Court of Appeals for the Eighth Circuit.  Filing No. 149.  The Eighth Circuit remanded the case to the district court for "calculation and collection of appellate filing fees pursuant to Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997)."  Filing No. 151.

    The plaintiff has now sent a pro se letter, received by the court on November 24, 2008 and liberally construed as a motion to clarify, stating the court misinterpreted his October 29, 2008 letter, and he was merely asking the court to order plaintiff's trial counsel to assist the plaintiff in deciding whether to appeal.  Filing No. 157.  The court has re-read plaintiff's letter filed on October 29, 2008, and the letter could reasonably be interpreted as plaintiff suggests, and not as an actual notice of appeal.  The plaintiff's November 24, 2008 letter/motion to clarify appears to state the plaintiff does not want to appeal his case, especially if he has to pay an appellate filing fee.

The plaintiff is hereby advised that he will have to pay a filing fee to appeal his case. Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff is required to pay the full amount of the court's $455.00 appellate filing fee by making monthly payments to the court, even if the prisoner is proceeding in forma pauperis ("IFP"). 28 U.S.C. § 1915(b). The PLRA "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." Jackson v. N.P. Dodge Realty Co., 173 F. Supp. 2d 951 (D. Neb. 2001) (citing In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997)). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997).

Pursuant to 28 U.S.C. § 1915(b)(1), a plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. Accordingly, based on the records before the court, (filing no. 147), if the plaintiff is filing an appeal, the initial partial filing fee will be $24.46, based on plaintiff's average monthly deposits of 122.31.

In addition to the initial partial filing fee, the plaintiff will be required to "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the

2

>   prisoner shall forward payments from the prisoner's
>   account to the clerk of the court each time the amount in
>   the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments will be collected pursuant to this procedure.

Based on the record currently before the court, and the representations of plaintiff's trial counsel, the court is not certain if the plaintiff is appealing his case. If he is, the foregoing filing fees must be assessed. If he is not, the court will consider his prior correspondence filed on October 29, 2008 as a request for assistance of counsel and not as a notice of appeal. Plaintiff's trial counsel shall file a statement clarifying whether the plaintiff is appealing this case.

   IT THEREFORE HEREBY IS ORDERED:

1) On or before December 10, 2008, plaintiff's trial counsel shall file a statement advising the court as to whether the plaintiff's October 29, 2008 letter was a notice of appeal, and if the plaintiff intends to pursue appellate review of his case. The statement filed by plaintiff's trial counsel in response to this order will not be interpreted as her agreement to represent the plaintiff, or her entry of appearance as counsel for plaintiff, on appeal.

2) The clerk shall send a copy of this memorandum and order to the plaintiff at his address of record:

      Jack Harris 53846
      P.O. Box 900
      Tecumseh, NE 68450

DATED this 26th day of November, 2008.

                                 BY THE COURT:

                                 s/ *David L. Piester*
                                 David L. Piester
                                 United States Magistrate Judge

3