IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JACK HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>DOUG DILTZ, individually and in his official capacity,<br><br>Defendant. | ) | 4:06CV3017<br><br>MEMORANDUM AND ORDER |

This matter is before the court on plaintiff's motion for clarification regarding notice of appeal. Filing No. 157. The plaintiff is an inmate. On August 6, 2007, the court appointed Jessica Milburn to represent the plaintiff at trial. Filing No. 65. The plaintiff's trial commenced on October 15, 2007, and judgment was entered in favor of the defendant on October 17, 2008. Filing No. 134. The judgment, set forth hereafter in its entirety, stated:

> Upon the granting of the defendant's motion for judgment as a matter of law,
>
> IT IS ORDERED that judgment is entered for the defendant.

Filing No. 134.

On October 29, 2008, the court received a letter from the plaintiff which stated:

> RE: About counsel on appeal:
>
> Dear Clerk,
>
> The reason that I'm writing to you is because I would like to appeal the Judge decision about the trial that I had for case 4:06cv3017. This Court had appointed Jessica L. Milburn to represent me on this case and I

> have told her that I would like to appeal the Court ruling. I have tried repeatedly calling Ms. Milburn and she has not return[ed] any of my calls about my right to appeal this case and I would ask this Court to step in and tell Ms. Milburn to do the job that she was paid to do. I'm very sorry to have to ask this Court to talk to Ms. Milburn but I don't know what else to do or how to appeal this case.

Filing No. 143. Liberally construing this pro se filing, the October 29, 2008 letter was interpreted by the undersigned presiding trial judge[1] as a notice of appeal. The plaintiff did not, however, pay the appellate filing fee of $455.00. Filing No. 136.

The clerk sent a copy of the notice of appeal to the Clerk of the United States Court of Appeals for the Eighth Circuit. Filing No. 149. On November 15, 2008, the plaintiff received notice from the Clerk for the Eighth Circuit Court of Appeals that to appeal his case, the plaintiff must pay the $455.00 appellate filing fee. See filing no. 157.

This court received a pro se letter from the plaintiff on November 24, 2008, which stated:

> I wrote this Court [the October 29, 2008 letter] asking to have Ms. Milburn appointed to represent me on appeal to the Eighth Circuit. She told me that when I wrote this court a letter saying that I wanted to appeal my case, this court took that as a notice to appeal. . . . I would have never know[n] that this court [would] use that letter I wrote as a notice to appeal, and . . . I asked this court to appoint counsel to represent me on appeal because I have no legal knowledge of the law.

[1]See filing no. 71, "Consent to Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference," and 28 U.S.C. § 636(c).

> [When the October 29, 2008 letter was written,] I was in the process of deciding with Ms. Milburn if I wanted to appeal this case.

Filing No. 157, at CM/ECF p. 1. The plaintiff further explained that after being told he must pay a $455.00 filing fee if he appeals his case, he decided not to appeal. Filing No. 157, at CM/ECF p. 2.

The court ordered plaintiff's trial counsel to confer with the plaintiff and confirm whether he intended the October 29, 2008 letter to be considered a notice of appeal, and if so, whether he intended to proceed with his appeal. Filing No. 158. Plaintiff's appointed trial counsel has filed two statements with the court in response to that order; the first stating the plaintiff does not want to appeal if he must pay a filing fee, and the second stating that after further discussion with the plaintiff, the plaintiff does not wish to appeal his case. Filing No. 161; filing no. 162.

The questions before the court are whether the plaintiff filed a notice of appeal, and if he did, whether he should be permitted to withdraw that notice and not be assessed the appellate filing fee.

Under the PLRA, a prisoner who appeals an adverse judgment entered by the trial court in a civil case must pay the appellate filing fee. Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997). However, Henderson also states the court is to provide the following notice to the prisoner when the adverse judgment is entered.

> (1) When the district court notifies the prisoner ... in a civil action of its judgment, the court shall notify the prisoner that:

> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full $[455] appellate filing fees regardless of the outcome of the appeal;
>
> (b) by filing a notice of appeal the prisoner consents to the deduction of the [fees] from the prisoner's prison account by prison officials;
>
> (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and
>
> (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

Id. at 483-84. Neither the judgment entered in this case, nor any other communication sent from this court to the plaintiff prior to October 29, 2008, provided the plaintiff with the notice set forth in Henderson.

Prior to sending the letter received by the court on October 29, 2008, the plaintiff had not conferred with his appointed trial counsel regarding whether to appeal. The October 29, 2008 letter, while liberally interpreted in favor of the pro se plaintiff as a notice of appeal, actually asks the court for an order requiring Ms. Milburn to speak with the plaintiff about whether to appeal.

The plaintiff has now been provided the notice set forth in Henderson regarding the requirement and schedule for paying appellate filing fees, (filing no. 158); has been afforded additional time to consider the effect of filing a notice of

appeal in light of the PLRA's filing fee payment requirements; and has conferred with his appointed trial counsel concerning whether to appeal, (filing no. 161; filing no. 162). The plaintiff has decided not to appeal and has filed a notice stating such. Filing No. 162.

Under the foregoing facts, the court finds that the plaintiff did not file a notice of appeal on October 29, 2008, but rather a request for assistance of counsel in deciding whether to appeal. In the alternative, the court finds that even if the plaintiff's letter filed on October 29, 2008 is deemed a notice of appeal, the plaintiff has withdrawn this notice, and no appellate filing fee should be assessed because prior to filing the October 29, 2008 letter, the plaintiff received no notice from either his appointed trial counsel or from the court as set forth in Henderson that under the PLRA, he would be required to pay the appellate filing fee even if granted leave to appeal in forma pauperis.

IT THEREFORE HEREBY IS ORDERED:

1. No appeal is pending in this case, and the plaintiff shall not be required to pay an appellate filing fee.

2. The clerk shall forward a copy of this order to the Clerk of the Court of Appeals for the Eighth Circuit.

DATED this 12th day of December, 2008.

BY THE COURT:

s/ David L. Piester

David L. Piester
United States Magistrate Judge